ERIC P. ISRAEL (State Bar No. 132426)
eisrael@dgdk.com
MICHAEL G. D'ALBA (State Bar No. 264403)
mdalba@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff Brad D. Krasnoff,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MANUEL MACIAS,<br><br>Debtor. | Case No. 2:18-bk-10616-ER<br><br>Chapter 7 |
| BRAD D. KRASNOFF, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>JANET ESTRADA, an individual and STEVEN MOLINA, an individual,<br><br>Defendants. | Adv. No. 2:19-ap-<br><br>**COMPLAINT TO AVOID VOIDABLE TRANSACTIONS AND FOR TURNOVER**<br><br>Date:  SEE SUMMONS<br>Time:  SEE SUMMONS<br>Place: SEE SUMMONS |

Plaintiff Brad D. Krasnoff, solely in his capacity as the Chapter 7 trustee (the "Trustee" or the "Plaintiff") of the bankruptcy estate of Manuel Macias (the "Debtor"), alleges as follows:

**JURISDICTION AND CASE BACKGROUND**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action is commenced pursuant to 11 U.S.C. §§ 542, 544, 548, and 550, and other applicable law. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O). This action arises in a case under Chapter 7 of title 11 of the United States Code entitled

In re Manuel Macias, which has been assigned number 2:18-bk-10616-ER and is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (the "Bankruptcy Case"). Plaintiff consents to the entry in this action of final orders or judgment by the Bankruptcy Court.

## THE PARTIES

2. Plaintiff brings this action solely in his capacity as the Chapter 7 trustee for the Debtor's bankruptcy estate.

3. Defendant Steven Molina ("Molina") is an individual residing in the County of Los Angeles, State of California.

4. Defendant Janet Estrada ("Estrada") is an individual residing in the County of Los Angeles, State of California.

## GENERAL ALLEGATIONS

5. Pursuant to a grant deed recorded in Los Angeles County on July 7, 2011, as instrument no. 20110912756, the Debtor held fee title to the entirety of the parcel of real property commonly known as 11468 Esther Street, Norwalk, California 90650 (the "Norwalk Property").

6. By a grant deed recorded in Los Angeles County on May 23, 2012, as instrument no. 20120769456, the Debtor transferred the Norwalk Property to himself and Estrada (the "2012 Transfer").

7. By a grant deed recorded in Los Angeles County on November 24, 2015, as instrument no. 20151476557, the Debtor and Estrada transferred the Norwalk Property to the Debtor, Estrada, and Molina (the "2015 Transfer").

8. By a grant deed recorded in Los Angeles County on October 3, 2016, as instrument no. 20161206502, the Debtor, Molina, and Estrada transferred the Norwalk Property to Molina and Estrada (the "2016 Transfer").

9. On or about January 19, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Code"), case no. 2:18-bk-10616-ER (the "Bankruptcy Case").

10. Brad D. Krasnoff was subsequently appointed as the Chapter 7 trustee for the Debtor's estate and continues to serve in that capacity for the benefit of creditors.

11. Plaintiff is informed and believes, and based thereon alleges, that there exists in this case one or more creditors holding unsecured claims that are allowable under § 502 of the Code or that are not allowable only under § 502(e) of the Code, which could have avoided the 2012 Transfer, the 2015 Transfer, and the 2016 Transfer (collectively, the "Subject Transfers") under applicable law.

## FIRST CLAIM FOR RELIEF

(To Avoid and Recover Voidable Transfers)

12. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. The Subject Transfers transferred an interest of the Debtor in property to or for the benefit of Estrada and Molina.

14. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Subject Transfers with the actual intent to hinder, delay, or defraud one or more of his creditors.

15. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(a), and other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

16. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Molina and Estrada the Norwalk Property or the value thereof in a sum according to proof, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfers.

## SECOND CLAIM FOR RELIEF

(To Avoid and Recover Voidable Transfer)

17. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 11, inclusive, as though fully set forth herein.

18. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfers.

19. Plaintiff is informed and believes, and based thereon alleges, that at the time the Subject Transfers were made, the Debtor was either insolvent or became insolvent as a result of the Subject Transfers.

20. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.05, and other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

21. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Molina and Estrada the Norwalk Property or the value thereof in a sum according to proof, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfers.

### THIRD CLAIM FOR RELIEF

(To Avoid and Recover Voidable Transfer)

22. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 11, inclusive, and paragraph 18, as though fully set forth herein.

23. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfers, the Debtor was engaged, or was about to engage, in business or a transaction or transactions for which his remaining assets were an unreasonably small capital.

24. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(b)(1), and other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

25. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Molina and Estrada the Norwalk Property or the value thereof in a sum according to proof, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfers.

### FOURTH CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfers)

26. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 11, inclusive, and paragraph 18, as though fully set forth herein.

27. Plaintiff is informed and believes, and based thereon alleges, that the Debtor intended to incur, or believed or reasonably should have believed, that he would incur debts that would be beyond his ability to pay as such debts matured.

28. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(b)(2), and other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

29. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Molina and Estrada the Norwalk Property or the value thereof in a sum according to proof, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfers.

## FIFTH CLAIM FOR RELIEF

(For Turnover)

30. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. The Norwalk Property constitutes property of the Debtor's bankruptcy estate.

32. Pursuant to 11 U.S.C. § 542, Plaintiff is entitled to the turnover by Molina and Estrada of the Norwalk Property.

**WHEREFORE**, Plaintiff prays for judgment against Molina and Estrada as follows:

**ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF:**

1. For judgment in favor of Plaintiff and against Molina and Estrada avoiding the Subject Transfers;

2. Awarding the Norwalk Property or the value thereof according to proof in favor of Plaintiff and against Molina and Estrada; and

3. For an award of interest at the legal rate on all sums awarded to Plaintiff from the date of the Subject Transfers.

4. For an award of interest at the legal rate on all sums awarded to Plaintiff from the date of the Subject Transfers.

**ON THE FIFTH CLAIM FOR RELIEF:**

5.    For a judgment directing Molina and Estrada to turn over possession of the Norwalk Property to Plaintiff.

**ON ALL CLAIMS FOR RELIEF:**

6.    For costs of suit incurred; and

7.    For such other relief as the Court deems just and proper.

DATED: April 30, 2019        DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: /s/ Michael G. D'Alba
MICHAEL G. D'ALBA
Attorneys for Plaintiff Brad D. Krasnoff,
Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>BRAD D. KRASNOFF, Chapter 7 Trustee | **DEFENDANTS**<br>JANET ESTRADA, an individual; and<br>STEVEN MOLINA, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>1900 Avenue of the Stars, 11th Fl., LOS ANGELES, CA 90067<br>310-277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoid voidable transactions (11 U.S.C. Sections 544, 548, and 550); For turnover (11 U.S.C. Section 542)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR  MANUEL MACIAS | | BANKRUPTCY CASE NO. 2:18-bk-10616-ER | |
| DISTRICT IN WHICH CASE IS PENDING CENTRAL DISTRICT OF CALIFORNIA | | DIVISION OFFICE LOS ANGELES DIVISION | NAME OF JUDGE ERNEST M. ROBLES |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  /s/ Michael A. D'Alba | | | |
| DATE APRIL 30, 2019 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) MICHAEL G. D'ALBA (SBN 264403) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.